838 F.2d 468
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tennie Nathaniel ALEXANDER, Defendant-Appellant.
 No. 87-5550.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 7, 1988.
Decided: Jan. 22, 1988.
 
 Michael Montemarano (Paul Michael Weiss, on brief), for appellant.
 Joseph Sedwick Sollers, III, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney (Breckinridge L. Willcox, United States Attorney, on brief), for appellee.
 Before HARRISON L. WINTER, Chief Judge, and SPROUSE and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Tennie Nathaniel Alexander was convicted after a jury trial of bank robbery, 18 U.S.C. Sec. 2113(a), (f), bank larceny, 18 U.S.C. Sec. 2113(d), (f), and use of a firearm during the commission of a crime of violence, 18 U.S.C. Sec. 924(c). He appeals his convictions, contending that the trial court erred in failing to grant his motion for severance, in permitting the introduction of evidence relating to a codefendant, Elvondo Jones, whose case was dismissed during the joint trial, and in limiting his opportunity to cross-examine a government witness. We affirm.
 
 
 2
 Evidence at trial established that three black males driving a green Cadillac robbed a branch of the Bank of Baltimore in Baltimore, Maryland, at approximately 1:00 p.m. on September 8, 1986. A police officer spotted the Cadillac carrying the robbers immediately after the robbery and pursued them. The fleeing Cadillac became stuck in traffic and the occupants fled on foot. A police helicopter assisting in the chase received a description of the fleeing suspects. One of the men was short and slight and wore a white t-shirt and white shorts, another was tall and wore a dark colored shirt and dark pants, and the third wore red sweat pants. Within 20 minutes, officers on the ground and in the helicopter observed Alexander standing alone in a field near where the vehicle was abandoned. He was wearing a black t-shirt and blue jeans. The officers pursued Alexander and during the chase he threw $460 in $5 bills from his person into the air. He was caught, arrested, taken to the Bank of Baltimore, and identified by a customer at the bank as one of the robbers.
 
 
 3
 Alexander and codefendant Jones were jointly indicted and tried. During the trial, the court, for reasons unrelated to this appeal, granted Jones' motion for a mistrial. The court advised Alexander that he would also be granted a mistrial if he joined the motion. Alexander declined, electing to continue with the trial as an individual defendant.
 
 
 4
 The granting or denial of a severance motion under Fed.R.Crim.P. 14 is, of course, a matter within the sound discretion of the trial court. A trial court's ruling on a Rule 14 motion "will not be disturbed unless the denial of a severance deprives the movant a fair trial and results in a miscarriage of justice." United States v. Santoni, 585 F.2d 667, 674 (4th Cir.1978) (citations omitted). Such circumstances are not present here, and in any event, the trial court's action in granting Jones' motion for mistrial effectively mooted the severance issue.
 
 
 5
 Likewise, there is no merit to Alexander's contention that evidence relating to Jones' participation in the robbery and the circumstantial evidence of Alexander's relations with Jones was unduly prejudicial. This evidence was probative of Alexander's participation in the robbery and was properly admitted. Fed.R.Evid. 403.
 
 
 6
 Finally, Alexander complains he was denied a full opportunity to cross-examine Johnny Snow, a key government witness. Snow testified that after the robbery, while he was a cellmate with both Jones and Alexander, they attempted to persuade him to confess falsely that it was he rather than Jones who had participated in the robbery. A review of the record persuades us that Alexander's counsel was afforded more than an adequate opportunity to cross-examine Snow.
 
 
 7
 In view of the above, the judgment of the district court is affirmed.
 
 
 8
 AFFIRMED.